STATE OF WEST VIRGINIA

*v.*

MICHAEL JEFFERS

(No. 13935)

Decided January 23, 1979.

*James W. Gipson* for plaintiff.

*Chauncey H. Browning,* Attorney General, *Woodrow H. Berry,* Assistant Attorney General, for defendant in error.

PER CURIAM:

The petitioner, Michael Jeffers, was convicted in the Circuit Court of Lincoln County of passing in a no-passing zone in violation of *W.Va. Code,* 17C-7-7. He was fined $100.00 and sentenced to confinement in the Lincoln County Jail for thirty days.

After examining the record in this case we conclude that the judge of the circuit court committed two errors:

1. He improperly instructed the jury on what constitutes the crime of passing in a no-passing zone; and

2. He imposed an improper sentence upon the petitioner.

I

*W.Va. Code,* 17C-7-7 provides:

"The state road commission is hereby authorized to determine those portions of any highway

where overtaking and passing or driving to the left of the roadway would be especially hazardous and may by appropriate signs or markings on the roadway indicate the beginning and end of such zones and when such signs or markings are in place and clearly visible to an ordinarily observant person every driver of a vehicle shall obey the directions thereof."

To implement the provisions of *W.Va. Code*, 17C-7-7, the West Virginia Department of Highways, pursuant to authority granted to it by *W.Va. Code*, 17C-3-1, adopted its *Manual on Uniform Traffic Control Services for Streets and Highways*. Section 3A-7(6) of that manual provides:

"A double line consisting of two normal solid yellow lines delineates the separation between travel paths in opposite directions where overtaking and passing is prohibited in both directions. This is a two direction no-passing marking. Crossing this marking with care is permitted only as part of a left-turn maneuver."

According to the manual the purpose of the double line is to channelize and separate traffic flowing in counter directions.

It is clear that the intent of the Legislature in adopting *W.Va. Code*, 17C-7-7, was to prohibit vehicles from passing on the left side of a highway, that is, from entering the channel of traffic flowing in the counter direction, when such movement would create a highway hazard.

Where traffic in a no-passing zone is channelized by a double line, the purpose of *W.Va. Code,* 17C-7-7, is to prohibit a vehicle from passing another vehicle by crossing the double line which, under the laws of this State, indicates the no-passing zone. *See, Stamper v. Bannister*, 146 W. Va. 100, 118 S.E.2d 313 (1961).

During the trial of the case before us, the petitioner, Michael Jeffers, admitted that he had passed another

vehicle in an area designated as a no-passing zone by a double line. However, he contended that, in so doing, he had not crossed to the left side of the roadway; he had not crossed into the channel of on-coming traffic; and he had not crossed the double line. He testified that the vehicle which he had passed had slowed down and pulled off the roadway so as to allow him to pass without his entering the channel of on-coming traffic.

At the close of the evidence in the petitioner's case the State offered, and the trial judge gave, over the petitioner's objection, State's Instruction No. 3 which stated:

> "The Court instructs the jury that if you believe beyond a reasonable doubt from the evidence presented in this case that the defendant, Michael Jeffers, while operating a motor vehicle, did pass on the left of another motor vehicle travelling in the same direction in a "no-passing zone", said zone marked as provided by law, then you should find the defendant, Michael Jeffers, guilty as charged in the warrant of this case."

Clearly this instruction would have permitted the jury to find the petitioner guilty of passing in a no-passing zone even if it believed the petitioner's testimony that he had not crossed the double lines or travelled into the left side of the highway. Where, as under the facts of this case, the trial court gives, over objection, an instruction which incompletely states the law, and the defect is not corrected by a later instruction, the giving of such incomplete instruction constitutes reversible error where the omission involves an element of the crime. *See, State v. Harlow*, 137 W. Va. 251, 71 S.E.2d 330 (1952). Because the instruction given by the court in this case was not corrected by another instruction, we conclude that the trial court committed reversible error in giving State's Instruction No. 3.

## II

*W.Va. Code, 17C-18-1(b)*, which provides the penalties for violation of the provisions of *W.Va. Code*, 17C-7-7, states in part:

"Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided shall for a first conviction thereof be punished by a fine of not more than one hundred dollars or by imprisonment for not more than ten days; . . ."

For the petitioner in this case the offense charged was a first offense. The trial court, in fining the petitioner $100.00 and in sentencing him to thirty days in the county jail, imposed a greater sentence than that prescribed by law.

The attorney general confesses error as to the sentence but points to the law in West Virginia that a judgment in excess of that which the court had jurisdiction to pronounce is void as to the excess only, *Dye v. Skeen*, 135 W. Va. 90, 62 S.E.2d 681 (1950).

We conclude, however, that this rule relating to sentencing is not controlling here because the giving of State's Instruction No. 3 was reversible error. The judgment of the circuit court is, therefore, reversed, and the defendant is awarded a new trial.

*Reversed, remanded,*
*new trial awarded.*