381 S.E.2d 277

**STATE of West Virginia**

v.

**Kimberly WALKER.**

No. 18488.

Supreme Court of Appeals of West Virginia.

May 19, 1989.

Stephen A. Selby, Charleston, for Kimberly Walker.

Steven D. Herndon, Atty. Gen. Office, Charleston, for State.

## PER CURIAM:

This case is before the Court upon the appeal of Kimberly Walker from the April 10, 1987 Kanawha County Circuit Court denial of her motion for a new trial. The appellant was convicted by a jury on April 2, 1987 of first degree murder, and nighttime burglary.[1] She was sentenced to life, with mercy and one to fifteen years, to be served consecutively. The appellant contends that the trial judge committed reversible error when he refused to instruct the jury on an element of the act of murder, perpetrated by lying in wait; waiting and watching in concealment or secrecy *for the purpose of or with the intent to kill or inflict bodily harm.* We agree and reverse.

On March 2, 1986, the appellant, Kimberly Walker, broke into her former boyfriend, John Samms' residence, and stole a gun.

She then went to a bar that Samms frequented. When she and Samms began arguing, Walker was physically ejected from the bar. She returned to her vehicle and had Samms summoned from the bar. As Samms was roughly a foot and a half from the vehicle, Walker shot Samms above the right side of his chest, near his throat. The path of the bullet revealed that the gun was pointed in a downward direction. Walker was required to use two hands to fire the old, 32/20 caliber revolver, which in single-action mode, required 6.5 pounds of pressure. Samms died shortly thereafter in a local hospital.

The Kanawha County grand jury returned an indictment against Walker for the nighttime burglary and first degree murder. The first degree murder count specifically alleged that Walker committed *premeditated* murder.

A three-week jury trial ensued. Defense counsel's trial strategy challenged the State in meeting its burden of proof regarding the intent to kill or inflict bodily harm. The challenge was two-fold. First, Walker testified that she intended to scare Samms by firing the gun in his direction and, therefore, lacked intent. Second, Walker and a physician testified that she was unable to form the requisite intent due to voluntary intoxication.

Following the conclusion of the evidence, counsel was prepared to argue instructions. Over defense counsel's objection, the prosecutor, on the record, stated that he would seek the conviction for first degree murder solely on the theory of lying in wait, rather than premeditation, as charged in the indictment, and would not offer any instructions regarding premeditation.[2] The attor-

---

1. The facts surrounding the burglary charge were admitted by Walker through her trial testimony, and the conviction of this count was not challenged on appeal.

2. In his opening statement, the prosecutor informed the jury that it could convict Walker under the indictment if it found that she committed first degree murder, perpetrated by premeditation, or if it found that Walker committed first degree murder perpetrated by lying in wait. However, as indicated above, at the instructional stage, the prosecutor stated that he

would proceed solely on a theory of first degree murder perpetrated by lying in wait. Defense counsel's instruction 3, a premeditation instruction, was refused, and defense counsel's instruction 4 distinguishing first and second degree murder, due to premeditation, was amended to comport with the prosecutor's theory of murder perpetrated by lying in wait, over counsel's objection. *W.Va.Code,* 61–2–1 [1923], distinguishes first and second degree murder as: "Murder by poison, *lying in wait,* imprisonment, starving, *or* by any *wilful, deliberate and pre-*

neys then argued at length the substantive elements of murder perpetrated by lying in wait. In sum, the prosecutor contended that the elements of murder perpetrated by lying in wait were waiting in secrecy and a malicious killing.[3]

State's Instruction No. 8, given by the trial judge, read: "[M]urder in the first degree is when a person *unlawfully and maliciously kills another by lying in wait;* that murder in the second degree is when one person kills another person unlawfully and maliciously, *but not deliberately or premeditatedly; ...*" (emphasis added).

The State never offered an instruction which defined lying in wait. The defendant, however, offered two instructions that defined the substantive elements of the offense. Both were based upon *State v. Abbott,* 8 W.Va. 741 (1875), which at the time of trial, was the only case in West Virginia which defined lying in wait. The offered instructions defined the offense as having both a physical and mental element: waiting and watching in concealment or secrecy *for the purpose of or with the intent to kill, or inflict bodily harm upon Samms.*[4] Over defense counsel's specific, on-going objection, the instructions were amended and the mental element of lying in wait, "the intent to kill or inflict bodily harm" was deleted from every offered instruction.

Amended instruction 7–A defined the act of lying in wait:

[A]n essential element of the charge of murder in the first degree, with or without mercy, is intentionally lying in wait. Lying in wait is the act of meditating in advance; or it is the deliberation upon a contemplated act; or it means plotting or contriving; or it is a design formed *to do something* before it is done.

---

*meditated* killing, or in the commission of, or attempt to commit, arson, rape, robbery or burglary, is murder of the first degree. All other murder is murder of the second degree." (emphasis added).

In syllabus point 5 and 6 of *State v. Sims,* 162 W.Va. 212, 248 S.E.2d 834 (1978), we held that the statute enumerates specific types of first degree murder, but the elements for each specific type are found in the common law.

**3.** Walker was specifically indicted for premeditated murder. The prosecutor's definition of murder by lying in wait lacked the element of waiting and watching in concealment or secrecy, *for the purpose of or with the intent to kill or inflict bodily harm. See U.S. v. Miller,* 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); *Stirone v. U.S.,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) and *U.S. v. Hathaway,* 798 F.2d 902 (6th Cir.1986) concerning the constructive amendment of an indictment.

**4.** Defense instruction 15, as offered, reads, in pertinent part:

The Court instructs the jury that the term "lying in wait" ... does not mean merely that a defendant conceals himself.... In order to constitute such "lying in wait" sufficient to establish murder in the first degree, three things must occur: waiting, watching and secrecy; and these facts must be established beyond a reasonable doubt to authorize the conclusion that there was "lying in wait" and if it is concluded that there is such "lying in wait" there must also be proof beyond a reasonable doubt that the defendant laid in wait and the act of the defendant in killing the decedent were both done with the intent of the defendant to kill the decedent or render him great bodily harm that could cause death.

Therefore, even if the jury finds from the evidence that Kimberly Walker was waiting for the decedent, John Samms, at the time of the killing, you may not find her guilty of murder in the first degree, unless you further find beyond a reasonable doubt that *she so waited with secrecy and with the intent to kill John Samms or cause him great bodily harm such as to cause death.* (emphasis added)

Defense instruction 10–A, as offered, reads, in pertinent part:

[T]he prosecution must prove beyond a reasonable doubt that Kimberly Walker had the specific intent to kill John Samms. Even if an accused has malice or ill-will against a person, she is not guilty of such crimes if at the time of the killing she did not have such specific intent to lie in wait for first degree murder or specific intent to kill in the case of second degree murder or of voluntary manslaughter.

Therefore, if you find in this case that Kimberly Walker did not have the specific intent to lie in wait for first degree murder or specific intent to kill John Samms at the time of the shooting for second degree murder or voluntary manslaughter, but sought merely to threaten or scare him, then you should not find her guilty of murder in the first degree, murder in the second degree or voluntary manslaughter.

This instruction was refused as an inconsistent statement of the law due to the "intent to kill" language.

Therefore, if you find that the prosecution has failed to prove beyond a reasonable doubt that Kimberly Walker, *before the incident described* in the evidence, contrived in advance to lie in wait, or deliberated the act of lying in wait, or plotted or contrived to lie in wait, or *formed a design before the act to lie in wait,* then you may not find Kimberly Walker guilty of murder in the first degree.

(emphasis added)

This concept of "intentional lying in wait" was reinforced in amended instruction 15:

'[L]ying in wait' ... does not mean merely that a defendant *conceals himself in the path of the decedent.* Rather, such lying in wait must also be with the defendant *deliberately and premeditatedly seeking the occasion* of lying in wait.

(emphasis added)

The court also gave amended instruction 4:

In distinguishing between the various elements of the degree of the offense charged in this case the jury is instructed that murder in the first degree requires intentionally lying in wait and acting maliciously and murder in the second degree has as its elements intentional and malicious killing. The distinction between these degrees of the offense is that proof beyond a reasonable doubt of *intentionally lying in wait* and acting maliciously is required for murder in the first degree.

(emphasis added)

After the jury had deliberated for at least four hours, the foreman wrote the judge, and asked "[w]hat time limit is there before an act is considered premeditation?" Defense counsel again offered instruction 15, which was again refused by the trial judge as an inconsistent definition of the act of murder by lying in wait since it required the jury to find that the appellant

waited and watched in concealment or secrecy *for the purpose of or with the intent to kill or inflict bodily harm.* Without waiving any previous objections, the parties agreed to permit the trial judge to respond that "premeditation may be formed in the mind of the actor at any instant prior to the act." Neither "the act" nor "premeditation" was defined for the jury.

The jury deliberated for at least an additional four hours and returned a verdict of "guilty of murder in the first degree as charged in ... the indictment [premeditation]."

### I

The appellant contends that the jury convicted her of first degree murder without being required to find that she was waiting and watching in concealment or secrecy *for the purpose of or with the intent to kill or inflict bodily harm upon Samms,* which is an element of the crime of lying in wait, as defined by our common law.[5]

In *State v. Harper,* 179 W.Va. 24, 365 S.E.2d 69 (1987), we addressed this precise issue. We turned to the common law definition of the substantive offense of lying in wait contained in *Abbott* and the authorities cited therein, and reaffirmed them in syllabus point 2:

'Lying in wait' as a legal concept has both mental and physical elements. The mental element is the purpose or intent to kill or inflict bodily harm upon someone; the physical elements consist of waiting, watching and secrecy or concealment. In order to sustain a conviction for first degree murder by lying in wait pursuant to *W.Va.Code,* 61–2–1 [1987], the prosecution must prove that the accused was waiting and watching with concealment or secrecy for the purpose of or with the intent to kill or inflict bodily harm upon a person.[6]

---

**5.** Appellant assigns the instructions as reversible error and does not couch this particular argument in either state or federal constitutional terms.

**6.** Walker's motion for a new trial was denied April 2, 1987. *Harper* was decided December 18, 1987. This case was in the appellate process and the error preserved at trial; therefore, retroactivity of *Harper* is not an issue before the

Therefore, the trial judge's refusal to give an instruction concerning the mental element of murder perpetrated by lying in wait was erroneous as it is part of the common law definition of the substantive offense.

## II

The State contends that if any error occurred, it was harmless because the instructions, as a whole, including the court's response to the jury question, adequately informed the jury that it was required to find that Walker intentionally killed Samms.[7]

In *State v. Martin,* 177 W.Va. 758, 356 S.E.2d 629 (1987), the Court was faced with somewhat similar instructional error. The appellant was convicted of aggravated robbery. Two instructions were given to the jury concerning the elements of the offense. One instruction questionably articulated the element of intent, another instruction adequately articulated it. In reviewing the questionable instruction, in light of the instructions as a whole, we affirmed the conviction:

'When instructions are read as a whole and adequately advise the jury of all necessary elements for their consideration, the fact that a single instruction is incomplete or lacks a particular element will not constitute grounds for disturbing a jury verdict.' Syllabus Point 6, *State v. Milam,* 159 W.Va. 691, 226 S.E.2d 433 (1976).

court, as indicated by both parties' extensive reliance upon *Harper* in their briefs.

7. In its brief the State concludes that the jury question concerning the length of time for premeditation evinces that

The jury was concerned about premeditation as one can see from the jury's question. The jury was instructed on premeditation [by the response to the question] which could apply either to traditional murder in the first degree or to murder in the second degree. One can infer from the verdict and the question in the light of the instruction ... that the jury found that there was premeditation.

If anything may be inferred from the jury's question concerning premeditation, it is that the jury was unclear as to the elements of murder

Syl. pt. 1, *State v. Martin,* 177 W.Va. 758, 356 S.E.2d 629 (1987).

In this case, amended instruction 7–A told the jury:

if you find that the prosecution has failed to prove ... that Kimberly Walker, *before the incident described in the evidence ... formed a design before the act to lie in wait,* then you may not find Kimberly Walker guilty.

Amended instructions 15 and 4 reenforced the concept of "premeditatedly" or "intentionally" lying in wait. Lying in wait was defined *only* in terms of its physical elements ("waiting," "watching," "plotting and contriving" "to do something"). Without being instructed on the mental element of the offense, the jury was informed that in order to convict Walker, it was required to find that she premeditatedly sought the occasion to hide in secrecy or "to do something." The trial judge refused all defense instructions that required the jury to find that Walker was waiting and watching with concealment or secrecy *for the purpose of or with the intent to kill or inflict bodily harm* upon Samms. The trial judge also refused defense instructions on first degree murder perpetrated by premeditation. *See* note 2, *supra.*

The State asks the Court to conclude that the trial judge's response to the jury question, "premeditation may be found at any time prior to the act," adequately instructed the jury on the mental element of the offense of murder perpetrated by lying in wait. However, this reading of the re-

perpetrated by lying in wait, *the only form of first degree murder for which it was instructed.* Premeditation, *per se,* is not an element of murder by lying in wait. *Harper,* 179 W.Va. 24, 365 S.E.2d 69 (1987).

As noted in syllabus point 2 of *Harper,* the substantive offense contains both mental and physical elements. "The mental element is the purpose or intent to kill or inflict bodily harm upon someone; the physical elements consist of waiting, watching and secrecy or concealment."

Due to this definition of lying in wait, which, in essence, requires the State to prove rather attenuated premeditation, we noted "murder perpetrated by lying in wait is a difficult crime to prove." *Harper,* 179 W.Va. 24, 28, 365 S.E.2d 69, 73.

sponse would require us to conclude that the jury understood "the act" to be the killing of Samms. This would be contrary to every instruction given by the trial judge which suggests that "the act" was the hiding in secrecy.[8]

■ Unlike *Martin*, none of the instructions, including the judge's response to the jury's question, adequately informed the jury that it was required to find that Walker waited and watched in concealment or secrecy *for the purpose or with the intent to kill or inflict bodily harm upon Samms*. Therefore, under syllabus point 6 of *Milam, supra*, the instructions, including the judge's response to the jury's question, when read as a whole, did not adequately inform the jury that it was required to find each element of the offense of murder perpetrated by lying in wait.[9]

'Where a trial court gives, over objection, an instruction which incompletely states the law, and the defect is not corrected by a later instruction, the giving of such incomplete instruction constitutes reversible error where the omission involves an element of the crime.' Sylla-

bus, *State v. Jeffers*, 162 W.Va. 532, 251 S.E.2d 227 (1979).

Syl. pt. 3, *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988).

Therefore, we reverse the case and remand it for a new trial due to the trial judge's failure to instruct the jury that an element of lying in wait includes the intent to kill or inflict bodily harm.

Based upon the foregoing, this case is reversed and remanded to the Circuit Court of Kanawha County.[10]

Reversed and remanded.

McGraw, J., participated and concurred in this decision but departed from the Court prior to the preparation of the opinion.

Workman, J., did not participate in the consideration or decision of this case.

---

8. In fact, the conclusion the State asks us to draw from the response is also contrary to the trial judge's intentions at the time it was given.

When the jury asked the question, defense counsel re-offered instruction 15, *see* note 4, *supra,* specifically for the purpose of clarifying the jury's duty to find that Walker was waiting and watching in concealment or secrecy *for the purpose of or with the intent to kill or inflict bodily harm* upon Samms.

The trial judge again refused the instruction as an inaccurate definition of the elements of murder perpetrated by lying in wait and instead, over defense counsel's objection, gave the response indicated above.

9. Without clearly articulating the argument or citing any authority, there is a theme running

throughout the State's brief which suggests that the error should be rendered harmless because there was substantial evidence to support a conviction for murder by lying in wait which, the State further contends, the attorneys adequately articulated in closing statements. We reject this contention since the sole element of the offense which the appellant contested at trial was intent. *Cf. State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988) and *State v. Jeffers*, 162 W.Va. 532, 251 S.E.2d 227 (1979).

10. Since we reverse on instructional error we need not address other errors alleged by the appellant.