331 S.E.2d 863

**STATE of West Virginia**

v.

**Anthony BLESSING.**

**No. 16090.**

Supreme Court of Appeals of West Virginia.

Submitted April 30, 1985.

Decided June 12, 1985.

Robert C. Chambers, Chambers & Chambers, Huntington, for appellant.

Silas B. Taylor & Ann Ewart, Asst. Attys. Gen., Charleston, for appellee.

PER CURIAM:

◼ The appellant, Anthony Blessing, was convicted of second degree murder by a jury in the Circuit Court of Cabell County on December 11, 1980 and sentenced to an indeterminate term of from five to eighteen years in the penitentiary. On appeal he claims that the court erred in making certain comments and instructing the jury after the jurors informed the court of their deadlock.[1]

The evidence in this case discloses that the appellant and Benjamin Wilson were charged with first degree murder in the death of seventy-five-year-old Enos Adkins. Mr. Adkins was beaten to death in an alley in Huntington, West Virginia, in the early morning hours of May 11, 1980 by two individuals who could not be identified by the only witness to the crime, Josephine Kitchen. Mrs. Kitchen testified that she heard cries for help and "they are killing me," from an elderly man. She also heard sounds of kicking or hitting, and although she saw two individuals standing near the location of the sounds, she did not see those persons beat or touch the victim, who was later identified as Mr. Adkins. Mrs. Kitchen further testified that she saw the two individuals walk down the alley and then walk back to where the victim was lying on the ground. She heard the same thumping noises again before the two men disappeared.

The trial court admitted two statements made by the appellant, the first an oral statement to one of the arresting officers that he had been involved in an altercation with an elderly man, and the second a written statement given several hours later at the jail. In his written statement and at the trial the appellant admitted his involvement in the crime but maintained that it was Benjamin Wilson who had done most of the beating.

Approximately one hour and three quarters after the case was submitted to the jury the foreman of the jury sent the following note to the trial judge:

Judge, we have voted as follows: 10—2 Degree, 2—Voluntary Manslaughter. The 2 say they won't change. The 10 say they won't change. Please advise. Roy W. Everett.

After learning of the jury's apparent deadlock the court called the jury back into the courtroom where the following colloquy then took place:

THE COURT: All right. Mr. Everett, it is my understanding the jury has not arrived at a unanimous verdict. Is that correct?

THE FOREMAN: That's right, Your Honor.

THE COURT: All right. To be truthful I don't think that you have had sufficient time to consider all the evidence in this case and I'm going to ask that you continue your deliberations and I'm going to instruct you in a minute.

The court then told the jurors that they could recess and return either the same evening or the following Monday for further deliberations. "It doesn't make any difference to me one way or the other. I thought you would like to conclude this case today if you possibly could." The trial court gave a supplemental instruction to the jury on the importance and desirability of reaching a verdict[2] and then concluded:

---

1. The appellant also assigns as error the court's refusal to suppress his oral and written statements made to the police. The appellant asserts that he was not taken promptly before a magistrate and that the delay in his presentment was unnecessary. The prompt presentment question was never raised during the trial proceedings and since there is no evidence in the record on the issue, we decline to address this alleged error. We would point out, however, that the record before us does not support the appellant's assertion.

2. Court's Instruction No. 8 as given to the jury stated:

THE COURT: What I'm asking you at this time is to go back in and decide what you want to do as far as deliberating. I want you to deliberate for some other period of time. If you want to go to dinner or if you want to stay or if you want to come back Monday, I will go along with whatever you want to do. I don't feel at this time you have had sufficient time. I don't want to attempt to coerce you in any way, but I don't feel you have had sufficient time to reach a verdict. After you have made a decision, knock on the door and let me know what you want to do.

The jury retired after the court's instruction and comments and approximately forty-five minutes later returned to the courtroom with a verdict. The appellant contends that the effect of the supplemental instruction and the court's comments was to coerce the jury into reaching a verdict.

Whether a trial court's instructions constitute improper coercion of a verdict necessarily depends upon the facts and circumstances of the particular case and cannot be determined by any general or definite rule. *Janssen v. Carolina Lumber Co.,* 137 W.Va. 561, 73 S.E.2d 12 (1952). "It is generally held that when a jury is unable to agree on a verdict, it is within the trial court's discretion to urge an earnest effort to agree, so long as the jurors are free to act without any form of coercion by the trial court." *State v. Hobbs,* 168 W.Va. 13, 282 S.E.2d 258, 272 (1981).

The appellant relies upon several of our cases dealing with supplemental instructions given to deadlocked juries. In *Janssen v. Carolina Lumber Co., supra,* the jury had deliberated for four hours and twice informed the court of their inability to agree when the court gave an instruction that was directed to those jurors in the minority. It stated in part:

And if you are alone or in a small minority, should you not ask yourself whether the thing you cling to as a conscientious conviction might in fact be only a mistake in judgment, and whether the great majority of your fellow jurors, who took the same oath as you took as a juror, and who have consciences to satisfy the same as you have, might be right and you wrong.

We reversed the judgment in *Janssen* concluding that the instruction was coercive.

Later in *Levine v. Headlee,* 148 W.Va. 323, 134 S.E.2d 892 (1964) we relied on *Janssen* in reversing a judgment where the trial court had instructed the jury after several hours of deliberation: "If after the three hours and one-half you have already deliberated, there is a majority and minority opinion among you, I urge those jurors differing from the majority to more closely

---

You have informed the Court of your inability to reach a verdict in this case.

At the outset the Court wishes you to know that although you have a duty to reach a verdict, if that is possible, the Court has neither the power nor the desire to compel agreement upon a verdict.

The purpose of these remarks is to point out to you the importance and the desirability of reaching a verdict in this case, provided, however, that you as individual jurors can do so without surrendering or sacrificing your conscientious scruples or personal convictions.

You will recall that upon assuming your duties in this case each of you took an oath. That oath places upon each of you as individuals the responsibility of arriving at a true verdict upon the basis of your own opinion and not merely upon acquiescence in the conclusions of your fellow jurors.

However, it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to reach a verdict by a comparison of views and by consideration of the proofs with your fellow jurors.

During your deliberations you should be open-minded and consider the issues with proper deference to and respect for the opinions of each other and you should not hesitate to re-examine your own views in the light of such discussions.

You should consider also that this case must at some time be terminated; that you are selected in the same manner and from the same source from which any future jury must be selected; that there is no reason to suppose that the case will ever be submitted to twelve persons more intelligent, more impartial or more competent to decide it, or that more or clearer evidence will ever be produced on one side or the other.

You may retire now, taking as much time as is necessary for further deliberations upon the issues submitted to you for determination.

scrutinize the evidence for the purpose of determining the correctness of their own opinions." The Court reversed because the trial court's remarks were directed to those jurors in the minority and not to the jury as a whole.

In an earlier leading case on point, *Lennox v. White*, 133 W.Va. 1, 54 S.E.2d 8 (1949), we found error in the fact that the trial judge instructed the jury immediately after he had inquired as to their numerical vote that "you are under the highest duty, whatever your differences as between the one and the eleven, to find out what that is and if humanly possible and consistent with right and justice to compose your differences and arrive at a verdict." Again, we found the language offensive because it was directed to the minority, "being much more emphatic concerning the one than it was concerning the eleven."

In each of these cases cited by the appellant, the supplemental instructions to the jury were held to be coercive because they were addressed to those jurors in the minority and had the effect of coercing those jurors to yield their views for the sake of achieving a verdict. In the case before us we cannot conclude that the trial court's remarks and instruction were coercive when the court never mentioned majority and minority opinions nor urged the minority to reconsider. The instruction was directed to the jury as a whole and told each of the jurors to re-examine his or her own views after discussion with other jurors. The court was within the bounds of his discretion in instructing the jury to deliberate further under the circumstances where the appellant was charged with first degree murder, trial had been held for two days, and the jury had deliberated only one and three quarter hours. As in *State v. Hobbs*, 168 W.Va. 13, 282 S.E.2d 258, 272 (1981), the "trial court's instructions in the instant case constituted a fair and reasonable effort to stimulate continued deliberation." They did not amount to coercion against the jurors in the minority.

In Syllabus Point 2 of *State v. Johnson*, 168 W.Va. 45, 282 S.E.2d 609 (1981), we held:

Where a jury has reported that it is unable to agree and the trial court addresses the jury urging a verdict, but does not use language the effect of which would be to cause the minority to yield its views for the purpose of reaching a verdict, the trial court's remarks will not constitute reversible error.

Accordingly, the judgment of the Circuit Court of Cabell County is affirmed.

Affirmed.