355 S.E.2d 374

**STATE of West Virginia**

v.

**Janice Hatcher SLOAN.**

**No. 16883.**

Supreme Court of Appeals of West Virginia.

March 18, 1987.

---

**3.** Other errors alleged are without merit, and we do not therefore take them up individually in this opinion.

Ronald J. Flora, Milton, for appellant.

Charles G. Brown, Atty. Gen., Silas G. Taylor, Deputy Atty. Gen., Charleston, for appellee.

PER CURIAM:

The defendant, Janice Hatcher Sloan, was convicted of shoplifting by a jury in the Circuit Court of Cabell County. Pursuant to *W.Va.Code*, 61–3A–3 [1981] which makes third offense shoplifting a felony regardless of the value of the items shoplifted, the defendant was sentenced to one to ten years in the penitentiary. On appeal she claims that the court erred in: (1) making remarks throughout the trial that had the effect of coercing the jury into reaching a verdict, and (2) refusing to direct a verdict for the defendant.

The evidence in this case discloses that on April 25, 1983, two employees of a Hecks Department Store in Huntington, West Virginia, saw the defendant and an unidentified female companion place items of clothing belonging to Hecks into the defendant's purse and leave the store without paying for the items. Marsha Triplett testified that she saw the defendant take a pair of slacks from the rack and place them in her purse and then saw the second woman place a second pair in the same purse. The other employee, Donelle Curry, testified that she saw the defendant's companion put a blouse in the defendant's purse. Both employees saw the two women leave the store without paying for the articles of clothing.

Although both Ms. Curry and Ms. Triplett testified that they had seen the defendant before, they did not know her name. Both, however, were able to identify her as one of the shoplifters from a photographic array shown to them by a police officer of the City of Huntington two days after the shoplifting incident.

The defendant's first assignment of error is that the trial judge made improper remarks during the course of the trial which had the effect of coercing the jury into reaching a verdict. She also contends that the court's supplemental instruction to the jury was coercive. Whether a trial court's instructions constitute improper coercion of a verdict necessarily depends upon the facts and circumstances of the particular case and cannot be determined by any general or definite rule. *State v. Blessing,* 175 W.Va. 132, 331 S.E.2d 863 (1985); *State v. Hobbs,* 168 W.Va. 13, 282 S.E.2d 258 (1981).

During the course of the trial but prior to the actual taking of evidence, the court released the jurors for a lunch break and told them to return at one o'clock. The court further stated: "I might also mention, we really need to finish this today

because I've got another trial for tomorrow, and one of the attorneys involved in this case has to be in another court at another trial. So we may, we may plan on staying past, like five o'clock, or something, in order to get this case finished this evening." The jury was then excused.

The case was submitted to the jury later the same afternoon. After approximately an hour the jury informed the court that they were deadlocked and that they didn't feel that they could ever reach a verdict. After learning of the jury's apparent deadlock, the court called the jury back into the courtroom and stated:

Okay, Miss Julian, you've been selected as the foreperson for the jury. I've been advised that you people have not arrived at a verdict at this point. The bailiff did not tell me what the vote is because I don't want to know what the vote is at this particular time.

You all have been out about an hour. The facts of the case really aren't that difficult to decide. I mean, we haven't had a whole lot of testimony. And you all've indicated you didn't feel like you could ever arrive at a verdict.

It's not my purpose to try to coerce you all into arriving at a verdict. I'm going to give … an additional [instruction], I don't feel like I should excuse you right at this time because, because of certain things.

The court then told the jurors that he was going to send them back to the jury room and that they could recess for dinner and return either the same evening or the following day for further deliberations. "And if, if any point in time you all decide that you want to go home and come back tomorrow, all you have to do is let me, let me know." Thereafter the court gave the following supplemental instruction to the jury:

All right. I'm going to give you an additional instruction … [Y]ou have informed the court of your inability to reach a verdict in this case. The court does not wish to know and you are not to indicate how you stand or whether you entertain a … predominant view …

[A]t the outset the court wishes you to know that although you have a duty to reach a verdict if that is possible, the court has neither the power nor the desire to compel an agreement upon a verdict. The purpose of these remarks is to point out to you the importance and the desirability of reaching a verdict in this case, provided, however, that you as individual jurors can do so without surrendering or sacrificing your conscientious scruples or personal convictions.

You will recall that upon assuming your duties in this case each of you took an oath. That oath places upon each of you as individuals the responsibility of arriving at a true verdict on the basis of your own opinion and not merely upon acquiesence in the conclusion of your fellow jurors. However, it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to reach a verdict by a comparison of views and by a consideration of the proofs with your fellow jurors.

During your deliberations you should be openminded and consider the issues with proper deference to and respect for the opinions of each other, and you should not hesitate to reexamine your own views in the light of such discussions.

You should consider, also, that this case must at some time be terminated, that you are selected in the same manner and from the same source from which any future juror must be selected, that there is not reason to suppose that the case will ever be submitted to twelve persons more intelligent, more impartial, or more competent to decide it, or that more or clearer evidence will ever be produced on one side or the other.

Now you may retire, taking as much time as necessary for further deliberations of the issues submitted to you for your determination.

The jury retired after the court's comments and instruction and later returned to the courtroom with a verdict finding the defendant guilty of shoplifting. The

record does not disclose how long the jury deliberated the second time. The defendant contends that the effect of the supplemental instruction and the court's comments was to coerce the jury into reaching a verdict.

"It is generally held that when a jury is unable to agree on a verdict, it is within the trial court's discretion to urge an earnest effort to agree, so long as the jurors are free to act without any form of coercion by the trial court." *State v. Hobbs*, 168 W.Va. 13, 37, 282 S.E.2d 258, 272 (1981).

■ In the case before us we cannot conclude that either the trial court's remarks or the supplemental instruction had the effect of improperly coercing the jury. The supplemental instruction is virtually identical to the one given by the court in *State v. Blessing*, 175 W.Va. 132, 331 S.E.2d 863 (1985) and in that case we held that the trial court's instruction constituted a "fair and reasonable effort to stimulate continued deliberation." 175 W.Va. at 135, 331 S.E.2d at 866.

The defendant would have us distinguish the instant case from *State v. Blessing, supra,* because here at the outset of the trial, the court informed the jury that "we really need to finish this today" and "we may plan on staying past, like five o'clock" because both the court and one of the attorneys had another trial scheduled the following day. Contrary to defendant's allegations, the court did not time and time again throughout the trial remind the jury that there was a time limit within which a verdict must be reached. Contrary to *State v. Spence*, 173 W.Va. 184, 313 S.E.2d 461 (1984) where the court made repeated remarks designed to have the effect of expediting the trial, the court here made no such repeated remarks. We conclude that the court was within its discretion in giving the additional instruction in an effort to have the jury agree on a verdict and that the court's remark about having a trial the following day was not coercive in light of the fact that before giving the supplemental instruction, the court twice informed the jury that they could deliberate further that evening or return the following day.

In Syllabus Point 2 of *State v. Johnson,* 168 W.Va. 45, 282 S.E.2d 609 (1981), we held:

Where a jury has reported that it is unable to agree and the trial court addresses the jury urging a verdict, but does not use language the effect of which would be to cause the minority to yield its views for the purpose of reaching a verdict, the trial court's remarks will not constitute reversible error.

■ The defendant's second assignment of error is that the court erred in failing to direct a verdict in her favor when the State failed to prove the value of the items and that they were the property of Hecks. We find this assignment to be without merit. Both Marcia Triplett and Donelle Curry testified that the items shoplifted were taken off the store's racks and had price tags which appeared to be Hecks tags. Ms. Triplett testified that the clothing belonged to Hecks. Viewing this evidence in the light most favorable to the prosecution, *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978), we find that the jury could have found from this testimony that the items shoplifted were the property of Hecks.

■ As to the value of the merchandise, Marcia Triplett testified that the value of the two pairs of pants taken from the store was $11.99 each. Although the value of the blouse which was taken was not ascertained through the employees' testimony, it did not have to be. The evidence clearly supports a third offense shoplifting conviction under *W.Va.Code*, 61–3A–3 [1981] which makes value irrelevant:

Upon a third or subsequent shoplifting conviction, *regardless of the value of the merchandise*, the defendant shall be guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and shall be imprisoned in the penitentiary for one to ten years. At least one year shall actually be spent in confinement and not subject to probation. [Emphasis Supplied]

Accordingly, the judgment of the Circuit Court of Cabell County is affirmed.

Affirmed.