# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-0342** (Berkeley County CC-02-2017-F-160)

**Julian Lee Richardson,**
**Defendant Below, Petitioner**

**FILED**

**September 9, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Julian Lee Richardson, by counsel B. Craig Manford, appeals the Circuit Court of Berkeley County's denial of his post-trial motion for new trial or judgment of acquittal notwithstanding the jury verdict. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, submitted a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 4, 2016, petitioner allegedly drove a car at the time it was used in a drive-by shooting at the Martin Luther King Jr. Park in Martinsburg, West Virginia. Thereafter, he was indicted on one count of attempted first-degree murder; ten counts of felony wanton endangerment; one count of conspiracy to commit wanton endangerment; and one count of felony destruction of property. During his trial in December of 2017, petitioner testified that he was not involved in the shooting and did not assist or help the shooter, Willie Hudson, in any way on September 4, 2016. He also denied driving to or from work on September 4, 2016. However, West Virginia State Police Corporal Zach Nine testified that petitioner typically drove a gray Chrysler 300, and the State admitted Exhibit 1, which was a photograph of the vehicle, without objection. Cpl. Nine testified that the vehicle was registered in petitioner's name and that he witnessed petitioner driving that vehicle in early September of 2016. Another witness, Jennifer Reynolds[1], testified that she saw petitioner driving a gold Cadillac with Mr. Hudson in the passenger seat and Lafate Odoms in the back seat on September 4, 2016. According to Martinsburg Police Lieutenant Scott Funkhouser, Ms. Reynolds flagged him down on the afternoon of September 4, 2016, and relayed to him that Mr. Hudson, while traveling with petitioner and Mr. Odoms, displayed a gun and told her he was sorry that her "children would soon not have a father." Lt. Funkhouser testified that

---

[1] The victim of the shooting at issue, Shawn Dobson, and Ms. Reynolds have children together.

when he was speaking with Ms. Reynolds, he received a call over his radio that shots had been fired at Martin Luther King Jr. Park.

Martinsburg City Police Officer Christopher Johnson testified that he responded to the shots fired call and found a black pickup truck "stopped at an odd angle" with what appeared to be bullet holes in the left hand side. Officer Johnson found ten bullet casings and identified the extent of the damage to the truck. After speaking with witnesses, he put out a be-on-the-lookout ("BOLO") call for a "grayish bluish Chrysler 300 with at least two African American male occupants." Officer Johnson confirmed that the vehicle in the BOLO matched the one pictured in Exhibit 1.

Petitioner's counsel moved for a directed verdict at the close of the State's case-in-chief, but the circuit court denied that motion. His renewed motion at the close of evidence was also denied by the circuit court. Following closing arguments, the jury deliberated before adjourning for the evening and resuming deliberations the following day. The jury informed the court that it was unable to reach a verdict, and the court provided additional instruction pursuant to *State v. Blessing*, 175 W. Va. 132, 331 S.E.2d 863 (1985).[2] The circuit court directed the jury to continue

---

[2] In *Blessing*, when the jury informed the circuit court of its inability to reach a verdict, the circuit court stated as follows:

> You have informed the Court of your inability to reach a verdict in this case. At the outset the Court wishes you to know that although you have a duty to reach a verdict, if that is possible, the Court has neither the power nor the desire to compel agreement upon a verdict. The purpose of these remarks is to point out to you the importance and the desirability of reaching a verdict in this case, provided, however, that you as individual jurors can do so without surrendering or sacrificing your conscientious scruples or personal convictions. You will recall that upon assuming your duties in this case each of you took an oath. That oath places upon each of you as individuals the responsibility of arriving at a true verdict upon the basis of your own opinion and not merely upon acquiescence in the conclusions of your fellow jurors. However, it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to reach a verdict by a comparison of views and by consideration of the proofs with your fellow jurors. During your deliberations you should be open-minded and consider the issues with proper deference to and respect for the opinions of each other and you should not hesitate to re-examine your own views in the light of such discussions. You should consider also that this case must at some time be terminated; that you are selected in the same manner and from the same source from which any future jury must be selected; that there is no reason to suppose that the case will ever be submitted to twelve persons more intelligent, more impartial or more competent to decide it, or that more or clearer evidence will ever be produced on one side or the other. You may retire now, taking as much time as is necessary for further deliberations upon the issues submitted to you for determination.

deliberations to see if a verdict could be reached.

Petitioner was convicted by the jury of one count of felony attempted voluntary manslaughter, a lesser-included offense of attempted first-degree murder; ten counts of felony wanton endangerment with a firearm; and one count of misdemeanor destruction of property. He was found not guilty of the conspiracy charge. Petitioner filed a post-trial motion for new trial or judgment of acquittal notwithstanding the jury verdict. The circuit court heard arguments on those motions and denied petitioner's motion for new trial. He was sentenced to twelve months of incarceration for attempted voluntary manslaughter; one year of incarceration for each count of felony wanton endangerment with a firearm; and one year of incarceration for misdemeanor destruction of property. The circuit court ordered that the sentences be served concurrently but suspended the execution of the sentence, placing petitioner on supervised probation for one year. Petitioner appeals from the March 20, 2018, sentencing order.

At the outset, we note that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998). In addition, we have stated as follows:

> This Court applies the following general standard when reviewing a circuit court decision denying a new trial:
>
> > In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.
>
> Syl. pt. 3, *State v. Vance,* 207 W.Va. 640, 535 S.E.2d 484 (2000). Additionally, we note that "[t]he Court applies a *de novo* standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla,* 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (per curiam) (citing *State v. LaRock,* 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). *Accord State v. Minigh,* 224 W.Va. 112, 124, 680 S.E.2d 127, 139 (2009) (per curiam).

*State v. Trail*, 236 W. Va. 167, 174, 778 S.E.2d 616, 623 (2015).

On appeal, petitioner sets forth three assignments of error. First, he argues that the circuit court committed plain error by admitting Exhibit 1, which was a photograph of petitioner's car. Petitioner concedes that there was no objection to the State's introduction or continued use of Exhibit 1 but is critical of the circuit court's failure to sua sponte reject the admission of that

---

175 W. Va. at 133-34 n.2, 331 S.E.2d at 865 n.2.

exhibit. While petitioner asserts plain error, he fails to conduct an adequate plain error analysis under the following standard:

> This Court has held: "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syllabus Point 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995); *see also* Syllabus Point 2, *State v. White*, 231 W.Va. 270, 744 S.E.2d 668 (2013). . . . In *State v. Lightner*, 205 W.Va. 657, 659, 520 S.E.2d 654, 662 (1999), this Court stated, "In criminal cases, plain error is error which is so conspicuous that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it."

*State v. David K.*, 238 W. Va. 33, 42-43, 792 S.E.2d 44, 53-54 (2016). Instead, petitioner states that

> [t]he [p]lain [e]rror [d]octrine is applicable in this case as (1) the [c]ourt identified an error on the record; (2) the error is not harmless but plain; (3) the [c]ourt believed the error did in fact affect the substantial rights of the [p]etitioner, to-wit, the right to a fair trial; and (4) the error seriously affects the fairness, integrity, and public reputation of the judicial proceedings.

Simply reciting the standard without applying the standard to the facts of this case does not satisfy the requirements of West Virginia Rule of Appellate Procedure 10(c)(7), which requires that the brief "contain an argument exhibiting clearly the points of fact and law presented . . . ." While it is apparent that petitioner contests the admission of the Exhibit 1, he fails to inform this Court how the admission of Exhibit 1 satisfies any of the other plain error criteria. For this reason, we decline to address the merits of this assignment of error.

Petitioner's second assignment of error is that the circuit court committed plain error by ruling that the testimony of Brittany Carr[3] regarding unsolicited statements she heard witness Jennifer Reynolds[4] make immediately prior to testifying were inadmissible hearsay. Petitioner's single-page argument on this point quotes Rule 803 of the West Virginia Rules of Evidence, followed by only two paragraphs of argument. Petitioner asserts that he initially argued that the statement was not hearsay under the excited utterance exception; he now additionally argues that the statement reflected Ms. Reynolds's then-existing mental and emotional state of mind. He contends that Ms. Carr wanted to offer testimony that she heard Ms. Reynolds say that "he didn't do nothing[sic]. He wasn't there." According to petitioner, "[t]his could have easily referred to the Wilson Street encounter . . . rather than the shooting at Martin Luther King Jr. Park where she was not present." He does not offer any support for that contention. While arguing that Ms. Carr's

---

[3] Petitioner identifies Ms. Carr as his live-in girlfriend.

[4] Petitioner identifies Ms. Reynolds as the girlfriend of the shooting victim, Shawn Dobson. When the State presented Ms. Reynolds with Exhibit 1, she confirmed that was the car she had seen petitioner traveling in on September 4, 2016.

testimony as to the unsolicited and spontaneous statements of Ms. Reynolds "while under extreme stress before testifying" was an exception to the hearsay rule under the plain error doctrine, he fails to cite a single case supporting that argument.

Rules 801, 802, and 803 of the West Virginia Rules of Evidence address what constitutes hearsay and the exceptions to the inadmissibility of hearsay. This Court has long-held as follows:

> Generally, out-of-court statements made by someone other than the declarant while testifying are not admissible unless: 1) the statement is not being offered for the truth of the matter asserted, but for some other purpose such as motive, intent, state-of-mind, identification or reasonableness of the party's action; 2) the statement is not hearsay under the rules; or 3) the statement is hearsay but falls within an exception provided for in the rules.

Syl. Pt. 1, *State v. Maynard*, 183 W. Va. 1, 393 S.E.2d 221 (1990). Petitioner asserts that the intended testimony is an excited utterance, which is a hearsay exception under Rule 803(2), "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." In the alternative, he avers that the hearsay falls within Rule 803(3), "[a] statement of the declarant's then-existing state of mind . . . or emotional, sensory, or physical condition . . . but not including a statement of memory or belief to prove the fact remembered or believed . . . ."

Based upon our review of the record, we find that the circuit court did not err in finding that the testimony does not fit the identified hearsay exceptions. As we have previously held,

> "[i]n order to qualify as an excited utterance under W. Va. R. Evid. 803(2): (1) the declarant must have experienced a starling event or condition; (2) the declarant must have reacted while under the stress or excitement of that event and not from reflection and fabrication; and (3) the statement must relate to the startling event or condition." Syl. pt. 7, *State v. Sutphin,* 195 W.Va. 551, 466 S.E.2d 402 (1995).

Syl. Pt. 10, *State v. Surbaugh*, 230 W. Va. 212, 737 S.E.2d 240 (2012). The statements Ms. Carr claims Ms. Reynolds made are clearly "statement[s] of memory or belief to prove the fact remembered or believed" rather than her then-existing state of mind or emotional, sensory, or physical condition. Further, "'[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.' Syllabus point 10, *State v. Huffman,* 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell,* 192 W.Va. 435, 452 S.E.2d 893 (1994)." Syl. Pt. 2, *State v. Doonan*, 220 W. Va. 8, 640 S.E.2d 71 (2006). It appears from the record that the circuit court did not abuse its discretion in finding that the out of court statements allegedly made by Ms. Reynolds that Ms. Carr sought to testify about were inadmissible hearsay.

Finally, petitioner asserts that it was plain error for the circuit court to fail to direct a verdict in his favor at the close of the State's case-in-chief and at the close of all evidence or, in the

5

alternative, the jury's verdict was contrary to the evidence presented. Petitioner contends that the State failed to rebut his motions for judgment of acquittal. He cites extensively from *Jackson v. Virginia*, 443 U.S. 307 (1979), and *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995), to argue that there was sufficient reasonable doubt to support his acquittal. Without citing to the record, petitioner asserts that the State's case was based almost entirely on the testimony of Ms. Reynolds and the other witnesses who purportedly saw the Chrysler 300 during the time-frame the shots were fired. He asserts that Ms. Reynolds's testimony was not credible and no rational trier of fact would have relied upon her testimony to find petitioner guilty. Again without citing to the record, petitioner claims that "[i]t was apparent that [Ms.] Reynolds was a drug source for [Mr.] Hudson as she admitted during cross examination that [Mr.] Hudson had called her earlier that morning asking if she had any weed." Petitioner is also critical of the varying descriptions of the vehicle given by witnesses. He points out that no one testified that petitioner was at the scene of the shooting, instead identifying only the Chrysler 300 vehicle without a license plate number. Petitioner argues that "such circumstantial evidence would not constitute proof beyond a reasonable doubt."

"The Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011). Moreover,

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *Guthrie*. Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, in part, *id*.

When viewing the evidence in the light most favorable to the State, as required by *Guthrie*, it is apparent that the victim, Mr. Dobson, confronted Mr. Hudson and Mr. Odom prior to 2:30 p.m. and stole Mr. Hudson's wallet. Mr. Hudson and Mr. Odoms left the scene in a car identical

6

to petitioner's, and when that car arrived outside of Ms. Reynolds's home, petitioner was driving. Mr. Hudson told Ms. Reynolds to apologize to her children because they were going to grow up without their father, Mr. Dobson, and displayed a gun. Shortly thereafter, shots were fired at a truck Mr. Dobson was either driving or riding in. Another witness testified that the car pursuing that truck appeared to be the same car owned by petitioner. Based on this testimony and evidence, we find that petitioner has not satisfied his heavy burden in challenging the sufficiency of the evidence. For these reasons, we find that the circuit court did not err in denying petitioner's motions for judgment of acquittal or motion for a new trial on this ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 9, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

7